# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>APPROXIMATELY $16,755.00 IN U.S. CURRENCY,<br><br>        Defendant. | Case No.  1:12-cv-01010-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RE PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR DEFAULT JUDGMENT<br><br>ECF NO. 17<br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

On September 17, 2013, Plaintiff United States of America ("Plaintiff") filed a motion to strike the claim filed by James Bastin and to enter default judgment in favor of Plaintiff. (ECF No. 17.) This matter was referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b) and Local Rule 302.

Pursuant to Local Rule 540(d) and 230(g), the Court finds that this matter is appropriate for adjudication upon the record and brief on file and therefore vacates the hearing scheduled for October 30, 2013. For the reasons set forth below, the Court recommends that Plaintiff's motion to strike James Bastin's claim be granted and that Plaintiff's motion for default judgment be denied.

/ / /

/ / /

# I.

# BACKGROUND

This action is an in rem forfeiture action under 21 U.S.C. § 881(a)(6) relating to currency traceable to a violation of 21 U.S.C. § 841, et seq. The property named as a defendant in this action is Approximately $16,755.00 in U.S. Currency ("the Defendant Currency"). The Defendant Currency was seized on or about December 21, 2011 at 1734 Randazzo Avenue in Modesto, California ("the Randazzo Residence"). The Defendant Currency was seized during a search of the Randazzo Residence related to the arrests of James Bastin, Sarah Bastin and David Lee Wilson for the possession of a controlled substance with intent to sell.

On June 21, 2012, Plaintiff filed the complaint in this action. (ECF No. 1.) On June 22, 2012, a warrant for the arrest of the Defendant Currency was issued. (ECF No. 4.) The warrant was executed on July 2, 2012. (ECF No. 5.)

Public notice of this action and the arrest of the Defendant Currency was published on the official internet government forfeiture site www.forfeiture.gov for at least 30 consecutive days. Direct notice was mailed to James Bastin and Sara Bastin. On July 12, 2012, James Bastin filed a claim for the Defendant Currency. (ECF No. 6.) No other person has filed a claim for the Defendant Currency. On September 17, 2013, default was entered as to Sara Bastin. (ECF No. 16.)

On May 22, 2012, Plaintiff propounded on James Bastin discovery requests including requests for admissions, requests for production of documents, interrogatories and special interrogatories. On May 24, 2013, Plaintiff received a request from James Bastin's attorney seeking a thirty day extension of time to respond to the discovery requests. Plaintiff granted the extension, which extended the deadline for responding to discovery through July 26, 2013. Plaintiff never received any responses to the discovery requests. Pursuant to the Court's scheduling order, discovery in this action closed on August 30, 2013. (See ECF No. 10.)

No opposition has been filed to Plaintiff's motion.

///

///

2

## II.

## MOTION TO STRIKE

Plaintiff seeks to strike James Bastin's claim for the Defendant Currency in this forfeiture action on the ground that James Bastin failed to respond to Plaintiff's discovery requests. Under Federal Rule of Civil Procedure Supplemental Rule G(8)(c):

> **(c)** **Motion To a Strike Claim or Answer.**
>
> **(i)** At any time before trial, the government may move to strike a claim or answer:
>
> **(A)** for failing to comply with Rule G(5) or (6)...

Supplemental Rule G(6) governs the use of special interrogatories in forfeiture actions. "Supplemental Rule G(6)(b) states that "[a]nswers or objections to these interrogatories must be served within 21 days after the interrogatories are served." Accordingly, the failure to timely respond to special interrogatories may result in a claim being stricken. See U.S. v. $133,420.00 in U.S. Currency, 672 F.3d 629, 635 (9th Cir. 2012); U.S. v. Approximately $658,830.00 in U.S. Currency, No. 2:11-cv-00967 MCE KJN PS, 2011 WL 5241311, at *3 (E.D. Cal. Oct. 31, 2011); U.S. v. $333,806.93 in Proceeds from Foreclosure of Real Property Located at 26948 Pacific Coast Highway, Malibu, CA, No. CV 05-2556 DOC (ANx), 2010 WL 3733932, at *1-4 (C.D. Cal. Aug. 30, 2010).

In this case, James Bastin did not respond to Plaintiff's special interrogatories and other requests. Moreover, it does not appear that James Bastin is actively litigating in his claim or otherwise participating in this action as he did not file an opposition to Plaintiff's motion to strike his claim and to enter default judgment against him. Accordingly, the Court will strike James Bastin's claim pursuant to Supplemental Rule G(8)(c)(i)(A).

## III.

## MOTION FOR DEFAULT JUDGMENT

**A.   Sufficiency of the Complaint**

Plaintiff contends that forfeiture is appropriate pursuant to 21 U.S.C. § 881(a)(6). Section 881(a)(6) states that currency traceable to an exchange of a controlled substance is

subject to forfeiture to the United States.  The Court finds that the complaint alleges sufficient facts to demonstrate that the Defendant Currency is subject to forfeiture because it is traceable to the illegal sale of controlled substances.  See 21 U.S.C. § 841, et seq. (prohibiting manufacture, distribution and possession of controlled substances).

### B.    Sufficiency of Notice

The sufficiency of notice in forfeiture actions is governed by the Local Rules and the Supplemental Rules for Certain Admiralty and Maritime Claims.  Local Rule 500(d) states that "Supplemental Rule G governs civil forfeiture actions."  Federal Rule of Civil Procedure Supplemental Rule G(4) authorizes notice by publication on an official internet government forfeiture site for at least thirty (30) consecutive days.  In this case, the Court finds that Plaintiff properly published notice at the official internet government forfeiture site (www.forfeiture.gov) for thirty consecutive days.

The Due Process Clause of the Fifth Amendment requires additional procedural safeguards where the owner of the property is known.  U.S. v. Real Property, 135 F.3d 1312, 1315 (9th Cir. 1998).  In such cases, "the Government must employ such notice 'as one desirous of actually informing the absentee might reasonably adopt to accomplish it.'"  Id. (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 315 (1950)).  Federal Rule of Civil Procedure Supplemental Rule G(4)(b)(iii) provides:

> **(b)    Notice to Known Potential Claimants**
> ...
> **(iii) Sending Notice.**
> **(A)** The notice must be sent by means reasonably calculated to reach the potential claimant.
> **(B)** Notice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case.
> ...
> **(D)** Notice to a person arrested in connection with an offense giving rise to the forfeiture who is not incarcerated when notice is sent may be sent to the address that person last gave to the agency that arrested or released the person.

/ / /

1    In this case, the Court finds that Plaintiff properly sent notice, via certified mail, to James
2 Bastin and his attorney. Given James Bastin's earlier participation in this action, the Court finds
3 that he had actual notice of these proceedings. Plaintiff also sent notice via certified mail to Sara
4 Bastin at her last known address at the Randazzo Residence. The Court finds Plaintiff's notices
5 to be sufficient.

6    **C.    Default and Default Judgment**

7    The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions
8 do not include any provisions relating to default and default judgments in forfeiture actions.
9 However, Supplemental Rule A(2) provides that the Federal Rules of Civil Procedure apply
10 "except to the extent that they are inconsistent with these Supplemental Rules." Federal Rule of
11 Civil Procedure Supplemental Rule A(2).

12    Federal Rule of Civil Procedure 55(a) authorizes the entry of default against a party who
13 has failed to plead or otherwise defend. Obtaining a default judgment is a two-step procedure
14 whereby a party first obtains entry of default pursuant to Rule 55(a) and thereafter applies to the
15 Court for an entry of default judgment pursuant to Rule 55(b). See Eitel v. McCool, 782 F.2d
16 1470, 1471 (9th Cir. 1986).

17    In this case, Plaintiff properly obtained entry of default against Sara Bastin. However,
18 Plaintiff has not yet sought or obtained entry of default against James Bastin. Therefore, default
19 judgment would be premature. See Marty v. Green, No. 2:10-cv-01823 KJM KJN PS, 2011 WL
20 320303, at *3 (E.D. Cal. Jan. 28, 2011) (denying default judgment where plaintiff did not request
21 or obtain entry of default). Since judgment in an in rem forfeiture action is a judgment against
22 the defendant property which affects the interests of all other persons in the property, see
23 Waterloo Distilling Corp. v. U.S., 282 U.S. 577, 581 (1931); Hanson v. Denkla, 377 U.S. 235,
24 246 n.12 (1958), the Court will recommend that Plaintiff's motion for default judgment be
25 denied without prejudice to Plaintiff's ability to re-file a motion for default judgment after
26 default is entered against James Bastin. Given James Bastin's failure to prosecute his claim, the
27 Court will order entry of default against James Bastin immediately. Plaintiff may re-apply for
28 entry of default judgment under Rule 55(b)(2), which would also require Plaintiff to serve James

Bastin with written notice of the application at least 7 days before the hearing.

## IV.

## CONCLUSION AND RECOMMENDATION

In accordance with the foregoing, the Court HEREBY ORDERS the Clerk of the Court to enter default against James Bastin.

Further, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to strike the claim of James Bastin be GRANTED; and

2. Plaintiff's motion for default judgment be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 18, 2013**

UNITED STATES MAGISTRATE JUDGE