# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $16,755.00 IN U.S. CURRENCY,<br><br>　　　　Defendant. | Case No. 1:12-cv-01010-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>ECF NO. 23<br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |
|---|---|

　　On January 15, 2014, Plaintiff United States of America ("Plaintiff") filed a motion for default judgment in this forfeiture action. (ECF No. 23.) This matter was referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b) and Local Rule 302.

　　Pursuant to Local Rule 540(d) and 230(g), the Court finds that this matter is appropriate for adjudication upon the record and brief on file. For the reasons set forth below, the Court recommends that Plaintiff's motion for default judgment be granted.

## I.
## BACKGROUND

　　This action is an in rem forfeiture action under 21 U.S.C. § 881(a)(6) relating to currency traceable to a violation of 21 U.S.C. § 841, et seq. The property named as a defendant in this

1  action is Approximately $16,755.00 in U.S. Currency ("the Defendant Currency").  The
2  Defendant Currency was seized on or about December 21, 2011 at 1734 Randazzo Avenue in
3  Modesto, California ("the Randazzo Residence").  The Defendant Currency was seized during a
4  search of the Randazzo Residence related to the arrests of James Bastin, Sarah Bastin and David
5  Lee Wilson for the possession of a controlled substance with intent to sell.

6        On June 21, 2012, Plaintiff filed the complaint in this action.  (ECF No. 1.)  On June 22,
7  2012, a warrant for the arrest of the Defendant Currency was issued.  (ECF No. 4.)  The warrant
8  was executed on July 2, 2012.  (ECF No. 5.)

9        Public notice of this action and the arrest of the Defendant Currency was published on the
10 official internet government forfeiture site www.forfeiture.gov for at least 30 consecutive days.
11 Direct notice was mailed to James Bastin and Sara Bastin.  On July 12, 2012, James Bastin filed
12 a claim for the Defendant Currency.  (ECF No. 6.)  No other person has filed a claim for the
13 Defendant Currency.  On September 17, 2013, default was entered as to Sara Bastin.  (ECF No.
14 16.)

15       On May 22, 2012, Plaintiff propounded on James Bastin discovery requests including
16 requests for admissions, requests for production of documents, interrogatories and special
17 interrogatories.  On May 24, 2013, Plaintiff received a request from James Bastin's attorney
18 seeking a thirty day extension of time to respond to the discovery requests.  Plaintiff granted the
19 extension, which extended the deadline for responding to discovery through July 26, 2013.
20 Plaintiff never received any responses to the discovery requests.  Pursuant to the Court's
21 scheduling order, discovery in this action closed on August 30, 2013.  (See ECF No. 10.)

22       On September 17, 2013, Plaintiff filed a motion to strike James Bastin's claim and for
23 default judgment.  (ECF No. 17.)  The Court granted the request to strike James Bastin's claim,
24 but denied default judgment as premature, because default had not yet been entered as to James
25 Bastin.  (ECF No. 19.)  On December 13, 2013, default was entered as to James Bastin.  (ECF
26 No. 22.)
27 / / /
28 / / /

# II.

# DISCUSSION

### A. Sufficiency of the Complaint

Plaintiff contends that forfeiture is appropriate pursuant to 21 U.S.C. § 881(a)(6). Section 881(a)(6) states that currency traceable to an exchange of a controlled substance is subject to forfeiture to the United States. The Court finds that the complaint alleges sufficient facts to demonstrate that the Defendant Currency is subject to forfeiture because it is traceable to the illegal sale of controlled substances. See 21 U.S.C. § 841, et seq. (prohibiting manufacture, distribution and possession of controlled substances).

### B. Sufficiency of Notice

The sufficiency of notice in forfeiture actions is governed by the Local Rules and the Supplemental Rules for Certain Admiralty and Maritime Claims. Local Rule 500(d) states that "Supplemental Rule G governs civil forfeiture actions." Federal Rule of Civil Procedure Supplemental Rule G(4) authorizes notice by publication on an official internet government forfeiture site for at least thirty (30) consecutive days. In this case, the Court finds that Plaintiff properly published notice at the official internet government forfeiture site (www.forfeiture.gov) for thirty consecutive days.

The Due Process Clause of the Fifth Amendment requires additional procedural safeguards where the owner of the property is known. U.S. v. Real Property, 135 F.3d 1312, 1315 (9th Cir. 1998). In such cases, "the Government must employ such notice 'as one desirous of actually informing the absentee might reasonably adopt to accomplish it.'" Id. (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 315 (1950)). Federal Rule of Civil Procedure Supplemental Rule G(4)(b)(iii) provides:

> **(b)    Notice to Known Potential Claimants**
> ...
> **(iii) Sending Notice.**
> **(A)** The notice must be sent by means reasonably calculated to reach the potential claimant.
> **(B)** Notice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a

> related investigation, administrative forfeiture proceeding, or criminal case.
>
> ...
>
> **(D)** Notice to a person arrested in connection with an offense giving rise to the forfeiture who is not incarcerated when notice is sent may be sent to the address that person last gave to the agency that arrested or released the person.

In this case, the Court finds that Plaintiff properly sent notice, via certified mail, to James Bastin and his attorney. Given James Bastin's earlier participation in this action, the Court finds that he had actual notice of these proceedings. Plaintiff also sent notice via certified mail to Sara Bastin at her last known address at the Randazzo Residence. The Court finds Plaintiff's notices to be sufficient.

### C.  Default and Default Judgment

The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions do not include any provisions relating to default and default judgments in forfeiture actions. However, Supplemental Rule A(2) provides that the Federal Rules of Civil Procedure apply "except to the extent that they are inconsistent with these Supplemental Rules." Federal Rule of Civil Procedure Supplemental Rule A(2).

Federal Rule of Civil Procedure 55(a) authorizes the entry of default against a party who has failed to plead or otherwise defend. Obtaining a default judgment is a two-step procedure whereby a party first obtains entry of default pursuant to Rule 55(a) and thereafter applies to the Court for an entry of default judgment pursuant to Rule 55(b). See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). Plaintiff sought and obtained entry of default against Sara Bastin and James Bastin. (ECF Nos. 16, 22.)

Federal Rule of Civil Procedure 55(b)(2) permits a party to apply to the Court for a default judgment. In this case, the Court finds that Plaintiff properly sought and obtained entry of default and is entitled to entry of default judgment pursuant to Rule 55(b)(2).

A successful plaintiff in an in rem forfeiture action is entitled to a judgment against the property, Waterloo Distilling Corp. v. U.S., 282 U.S. 577, 581 (1931), and the judgment affects the interests of all other persons in the property, Hanson v. Denkla, 357 U.S. 235, 246 n.12

(1958). In this case, the Court finds that Plaintiff is entitled to default judgment against the interests of Sara Bastin, James Bastin and all other persons with respect to the Defendant Currency, resulting in all right, title and interest in the Defendant Currency vesting in Plaintiff.

## IV.

## CONCLUSION AND RECOMMENDATION

In accordance with the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff United States of America's January 15, 2014 motion for default judgment be GRANTED;

2. DEFAULT JUDGMENT be entered in favor of Plaintiff United States of America; and

3. JUDGMENT be entered forfeiting all right, title and interest in the Defendant Currency to the United States of America, to be disposed of according to law, including all right, title and interest of Sara Bastin and James Bastin.

These findings and recommendations are submitted to the district judge assigned to this action pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 18, 2014**

UNITED STATES MAGISTRATE JUDGE